UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ARIDES NORMAN HARRINGTON,**

        Plaintiff,            **CASE NUMBER: 05-70520**
                                            **HONORABLE VICTORIA A. ROBERTS**

v.

**JAMES HINES, ROSCOE JACKSON,
JOHN ROACH, MARKITA RHODES,
SHERRIE LYNN JONES, and the
COUNTY OF WAYNE, jointly and severally
and in their individual capacities,**

        Defendants.
_____/

## ORDER

**I.    INTRODUCTION**

Before the Court is Defendants' Motion for Summary Judgment (Doc. #12). For the reasons stated below, Defendants' motion is **GRANTED**.

**II.    BACKGROUND**

On March 19, 2004, an unknown male raped 19 year old Markita Rhodes ("Rhodes") at gun point. She reported the incident to the police and was taken to the emergency room. There Rhodes completed a rape kit and semen was taken as evidence. Four days later, an unknown black male driving a minivan abducted Sherrie Lynn Jones ("Jones") at gunpoint. The assailant raped Jones and forced her to perform oral sex. Both Rhodes and Jones were attacked in the City of Highland Park, MI. Each gave the police descriptions of their assailant. Police sketch artists completed two

1

drawings, which coincidentally resemble Arides Norman Harrington ("Plaintiff").

On May 2, 2004, Rhodes was working at a McDonalds restaurant when she believed her assailant placed an order. She called the police and gave his physical description, the model of his vehicle, and the license plate number. Wayne County Detectives Roscoe Jackson ("Jackson") and James Hines ("Hines") arrived and arrested Plaintiff. Both Rhodes and Jones identified Plaintiff in a police line-up as their assailant.

The Wayne County Sheriff Department investigated and presented a warrant to the prosecutor seeking to obtain Plaintiff's DNA and search his minivan. The Highland Park District Court issued a warrant for Plaintiff's arrest. On June 4, 2004, the prosecutor charged Plaintiff with both rape cases. Once the Sheriff's Department arrested Plaintiff and he was formally charged, the Sheriff's Department placed a press release on its website identifying Plaintiff as the apprehended suspect and allegedly calling him "the Highland Park Rapist." On August 30, 2004, the prosecutor dismissed all charges against Plaintiff because DNA evidence excluded him.

Plaintiff filed suit against Detectives Hines and Jackson, Sheriff Department press secretary John Roach, and Wayne County (collectively "Defendants"). Plaintiff states several claims against them: false arrest in violation of his Fourth Amendment Constitutional Rights and 42 U.S.C. § 1983; conspiracy to commit false arrest; malicious prosecution; conspiracy to commit malicious prosecution; gross negligence; and intentional infliction of emotional distress against Roach for failing to promptly remove the press release from the website.

Defendants seeks summary judgment primarily arguing that: (1) Plaintiff's malicious prosecution claim fails because there was probable cause to arrest and no

evidence of malicious intent by Jackson and Hines; (2) Plaintiff's false arrest claim fails because Jackson and Hines acted in good faith with probable cause; (3) Roach promptly removed the press release after the prosecutor dismissed the charges against Plaintiff, and that the press release only remained available through the search engine because of a computer "glitch"; and (4) even if Jackson and Hines did violate Plaintiff's constitutional rights, they are protected by qualified immunity.

## IV.     APPLICABLE LAW AND ANALYSIS

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995). To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule 56(c). *Cox*, 53 F.3d at 149. Alternatively, the movant may meet this burden by pointing

out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial. *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). The moving party does not, however, have to support its motion for summary judgment with evidence negating its opponent's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

Once the moving party meets its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact. Rule 56(e); *Cox*, 53 F.3d at 150. The nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint. *Copeland*, 57 F.3d at 479. The mere existence of a scintilla of evidence to support the nonmoving party position will be insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party. *Snyder*, 57 F.3d at 488; *Tolton*, 48 F.3d at 941.

Before reaching the merits of Defendants' motion, the Court notes that Plaintiff proceeding *pro se* filed a one page response to Defendants' motion. His response does not address any of his claims or Defendants' arguments. Thus, Plaintiff's Complaint is the sole pleading the Court looks to in deciding this motion.

However, when a motion for summary judgment is made and supported by evidence, Plaintiff cannot rest on mere allegations, but he must set forth facts, by affidavit or as otherwise provided in Rule 56, demonstrating that there is a genuine issue for trial. If Plaintiff fails to do so, summary judgment is appropriate.

Plaintiff fails to demonstrate an issue for trial. And *Guarino v. Brookfield*

4

*Township Trs.*, 980 F.2d 399, 407 (6th Cir.1992) instructs that the district court is not required to conduct its own probing investigation of the record in order to discover an issue of material fact when a summary judgment motion is unopposed. *Id.* However, the court must "intelligently and carefully review the legitimacy" of the motion, considering the possibility of evidentiary misstatements by the moving party. *Id.*

The Court reviewed Defendants' motion and applied the *Guarino* standard. In doing so, the Court finds Defendants' motion well-taken for the reasons they state.

**V.    CONCLUSION**

Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's claims are dismissed.

**IT IS ORDERED**.

                                            /s/ Victoria A. Roberts
                                           Victoria A. Roberts
                                           United States District Judge

Dated:  April 9, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff by electronic means or U.S. Mail on April 9, 2007.

S/Linda Vertriest
Deputy Clerk

---